This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.               **NO. 27,867**

**SCOTT D. JOHNSON,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Joel Jacobsen, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his conviction for trafficking a controlled substance. We previously issued a memorandum opinion affirming. The New Mexico Supreme Court subsequently granted certiorari, and reversed and remanded for reconsideration in light of recent developments relating to the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. Thereafter, we issued a third notice of proposed summary disposition, proposing to reverse and remand. Both Defendant and the State have filed responsive memoranda. After due consideration, we remain unpersuaded by either party's arguments. We therefore reverse and remand for further proceedings.

At this juncture, two issues are presented. First, we consider whether certain evidence was improperly admitted in violation of the Confrontation Clause. Second, we address the sufficiency of the evidence to support Defendant's conviction.

The first issue concerns evidence relating to the analysis of a substance to determine its chemical makeup and, ultimately, its identification as crack cocaine. For the reasons that follow, we conclude that this evidence was improperly admitted.

Over Defendant's objections, the State called a scientist employed at the Southern Forensic Laboratory (SFL), Eric Young, as a witness. [State's AB 4, 6; Def. MIS/MIO 6-7] In pertinent part, Mr. Young testified that a former SFL employee named Danielle Elenbaas had tested a substance purchased by undercover police

officers. [State's AB 4; Def. MIS/MIO 6] He explained that among other tests, Ms. Elenbaas had utilized a gas chromatograph or mass spectrometer, which generated a graph. [State's AB 14-15] This graph, in turn, supplied information from which Ms. Elenbaas had ultimately concluded that the substance contained cocaine. [State's AB 4; Def. MIS/MIO 6-7]

On cross-examination, Mr. Young admitted that he did not analyze the substance at issue or observe Ms. Elenbaas' performance of the tests. [State's AB 4; Def. MIS/MIO 7] Mr. Young indicated that he had simply reviewed Ms. Elenbaas' report before testifying. [Def. MIS/MIO 7]

The New Mexico Supreme Court recently addressed a nearly identical situation. In the case of *State v. Aragon*, 2010-NMSC-008, 147 N.M. 474, 225 P.3d 1280, the state offered a report identifying a substance as methamphetamine. The report had been prepared by a non-testifying analyst from the SFL and was admitted through the testimony of a substitute analyst who did not "observe, supervise, or participate in either the analysis or the preparation of the report." *Id.* ¶ 5. Ultimately, the Court held that admission of the report without the testimony of the testing analyst violated the defendant's right to confrontation. *Id.* ¶ 33.

The Confrontation Clause problem in *Aragon* arose because the substitute analyst had merely recited the non-testifying analyst's opinion. *Id.* ¶ 23. Had the

substitute analyst testified as to his own opinion based upon the underlying data, the defendant's right to confrontation would not have been offended. *Id.* ¶ 23. However, the substitute analyst testified that "he had neither seen, analyzed, nor treated any of the evidence [the non-testifying analyst] used to create her report." *Id.* ¶ 28. Nor had he supervised the non-testifying analyst's work. *Id.* His opinion was merely a restatement of the non-testifying analyst's opinion. Because the non-testifying analyst "ostensibly used her training, skill, and knowledge to form an opinion that the substance in question was methamphetamine," and because that opinion "was in turn employed by the prosecution to prove one element of the crime," the Court held that the defendant had the right to challenge the basis of that opinion. *Id.* ¶ 30. Ultimately, because she did not testify, the Court concluded that "her opinion could not be effectively challenged," such that the rights afforded by the Confrontation Clause were violated. *Id.*

We perceive no distinction between *Aragon* and the case at hand. In both cases, the State attempted to establish the identity of a controlled substance by calling an analyst from the SFL to describe the results of gas chromatography or mass spectrometry performed by another, non-testifying SFL analyst. In neither case did the substitute analyst form an independent conclusion from the underlying facts or data, but merely restated the hearsay opinion of the non-testifying analyst. We

4

therefore conclude that in this case, as in *Aragon*, Mr. Young's testimony regarding Ms. Elenbaas' report violated Defendant's right of confrontation.

In its memorandum in opposition, the State suggests that this Court should look to a different case, *State v. Bullcoming*, 2010-NMSC-007, 147 N.M. 487, 226 P.3d 1, rather than *Aragon*, to inform its analysis, because the Supreme Court's mandate explicitly and exclusively refers to *Bullcoming*. [State's MIO 1-2] However, we do not regard reference to *Bullcoming* in the mandate as an indication that the Supreme Court intended this Court to disregard *Aragon*, particularly in light of *Aragon's* status as a companion case to *Bullcoming*.

The State asserts that this case should be distinguished from *Aragon* on grounds that the actual report of Ms. Elenbaas was admitted in that case, whereas Mr. Young merely testified to the contents of the report in this case. [State's MIO 7, 12] To the extent that any such distinction might be drawn, we regard it as immaterial. In *Aragon*, the Court did not focus on the physical admission of the report of the non-testifying expert. Rather, the Court addressed the impermissibility of presenting the opinion of a non-testifying expert through the testimony of another expert. *See Aragon*, 2010-NMSC-008, ¶¶ 26-33. The same problem is presented in this case.

The State also contends that this case might be distinguished from *Aragon* on grounds that Mr. Young performed a "technical review" of Ms. Elenbaas' report.

5

[State's MIO 7-8, 11-12] The State suggests that this indicates that Mr. Young's testimony reflected his own opinions, rather than merely relaying the opinion of Ms. Elenbaas. [State's MIO 7-9, 11-12] However, the record provides no information about what this "technical review" entailed. [State's AB 18] As a result, there is no basis for inferring that Mr. Young participated in the preparation of the report, or otherwise formed his own independent opinions. *Cf. Aragon*, 2010-NMSC-008, ¶¶ 29, 32-33 (concluding that expert testimony was improperly admitted where it was "not clear . . . whether he relied upon his own analysis of the underlying facts and data," but a "fair reading" of the transcript indicated that the expert had simply restated another, non-testifying expert's opinion). In summary therefore, we conclude that a violation of the Confrontation Clause occurred, such that reversal is in order.

Finally, because a ruling favorable to Defendant would preclude retrial, *see State v. Sanchez*, 2000-NMSC-021, ¶ 30, 129 N.M. 284, 6 P.3d 486, we briefly address the sufficiency of the evidence to support Defendant's conviction. Because the factual background has previously been described in our earlier memorandum opinion, it is unnecessary to reiterate at length here. Defendant's conviction stems from his facilitation of a drug transaction, in the course of which two undercover police officers purchased crack cocaine from a third party. For the reasons previously described, we conclude that the testimony of the officers provides ample support for

Defendant's conviction, based on the theory of accessory liability.

In closing, we acknowledge that Defendant has also advanced a claim of ineffective assistance of counsel. In light of our disposition with respect to the first issue, it is unnecessary to reach Defendant's claim.

For the reasons stated, we reverse and remand.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**CELIA FOY CASTILLO, Judge**

7